UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DALE ROBERTS,<br><br>    Petitioner,<br><br>v.<br><br>IDAHO ATTORNEY GENERAL LAWRENCE WASDEN,<br><br>    Respondent. | Case No. 1:17-cv-00388-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by former Idaho prisoner Michael Dale Roberts ("Petitioner"), challenging Petitioner's Ada County conviction for possession of a controlled substance. (Dkt. 1.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1(a), 4, and 5 are subject to dismissal. (Dkt. 11.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing Claims 1(a), 4, and 5 with prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Roberts*, Docket No. 40557, Op. 512 (Idaho Ct. App. May 22, 2014) (unpublished), which is contained in the record at State's Lodging B-8. The facts will not be repeated here except as necessary to explain the Court's decision.

In Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to one count of possession of a controlled substance.[1] In return for the guilty plea, the state dismissed a charge of possession of drug paraphernalia. (State's Lodging B-8 at 2.) Petitioner was placed in the drug court program but was eventually discharged from that program for noncompliance. (*Id.*)

Shortly after he was discharged from drug court, Petitioner moved to withdraw his guilty plea. At the hearing on the motion, the prosecutor provided the trial court with the underlying police report "to identify the factual circumstances of [Petitioner's] arrest." (*Id.* at 3.) Petitioner also had a copy of this document, but neither party moved to admit the police report into evidence.[2] (*Id.* at 4-5 and n.1.) The trial court denied the motion to withdraw the plea. Petitioner received a unified sentence of seven years in prison with

---

[1] At the time of Petitioner's plea hearing, the lab report on the substance possessed by Petitioner had not yet been completed. To facilitate Petitioner's entry into drug court, the trial judge allowed Petitioner to enter a conditional guilty plea; if the lab report later revealed that the substance was not a controlled substance, Petitioner would be allowed to withdraw his plea and the prosecutor would dismiss the case. The lab report later confirmed the presence of a controlled substance. (State's Lodging B-8 at 2; F-8 at 1-2.)

[2] The Idaho Court of Appeals found that the police report was never admitted in the district court and, thus, was not an "exhibit" as asserted by Petitioner. This factual finding is entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1).

**MEMORANDUM DECISION AND ORDER - 2**

two years fixed, but the trial court retained jurisdiction and placed Petitioner on a rider. (State's Lodging A-1 at 95-96, A-3 at 28-29.)

Petitioner appealed from the denial of the motion to withdraw his guilty plea and requested that the record be augmented with the police report. The Idaho Supreme Court granted the motion and ordered that the district court clerk provide the appellate court with either the police report or an "affidavit ... as to why [the report] cannot be provided." (State's Lodging B-2.) The district court clerk submitted an affidavit stating that the court record did not contain the entire police report, but that four of the eight pages of the report were attached to Petitioner's pre-sentence investigation report. (State's Lodging B-3.)

Petitioner then filed his opening brief on appeal, raising two claims: (1) that the trial court's failure to preserve the police report, on which it relied to deny Petitioner's motion to withdraw his plea, violated Petitioner's right to due process, and (2) that the trial court's denial of the motion constituted an abuse its discretion under Idaho law. (State's Lodging B-5.) The Idaho Court of Appeals affirmed. (State's Lodging B-8.)

Petitioner sought review in the Idaho Supreme Court, renewing these two claims. Petitioner also expanded on his due process claim involving the police report, contending that the Idaho Court of Appeals "disregarded" the Idaho Supreme Court's order regarding that report. (State's Lodging B-9; B-10 at 7.) The state supreme court denied review. (State's Lodging B-11.)

**MEMORANDUM DECISION AND ORDER - 3**

Following the period of retained jurisdiction, the trial court suspended Petitioner's sentence and placed him on probation. (State's Lodging C-1 at 15-17, 19-21, 24-25.) However, the trial court later revoked probation and ordered execution of the underlying sentence.[3] (State's Lodging C-1 at 48-50; C-3 at 12; D-4 at 1.) Petitioner appealed, arguing that the trial court abused its discretion by (1) failing to retain jurisdiction upon revocation, and (2) denying Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. (State's Lodging D-1.) The Idaho Court of Appeals affirmed. (State's Lodging D-4.) Petitioner did not file a petition for review with the Idaho Supreme Court. (*See* State's Lodging D-5.)

Petitioner then filed a petition for state post-conviction relief. He asserted three broad claims: (1) Petitioner received ineffective assistance of counsel, based on counsel's alleged (a) failure to obtain an audio recording, or laboratory testing on the drug paraphernalia, (b) failure to submit records to the trial court in connection with the motion to withdraw the guilty plea, (c) failure to communicate adequately, and (d) misstatements about the conditions of the plea agreement; (2) Petitioner's right to due process was violated; and (3) the prosecution failed to disclose favorable evidence to the defense. (State's Lodging E-1 at 5-6.) After holding an evidentiary hearing, the state district court dismissed the petition. (*Id.* at 46-61; E-3.)

On appeal from the dismissal of his post-conviction petition, Petitioner was initially appointed counsel. His attorney later withdrew from the representation, however,

---

[3] Petitioner has since been released on parole.

**MEMORANDUM DECISION AND ORDER - 4**

with court approval. (State's Lodging F-3; F-4.) Petitioner then filed a pro se brief, which raised the following issues: (1) whether Petitioner's counsel rendered ineffective assistance "when representing [Petitioner] during the guilty plea hearing at the pretrial juncture while assisting him with the guilty plea advisory form as well as counsel representing [Petitioner] during the motion to withdraw guilty plea"; (2) whether Petitioner's counsel, the prosecutor, and the court "suborn[ed] perjury by proceeding forward with a guilty plea colloquy while previously stipulating a condition as part of the conditional guilty plea ... due to the results of the lab tests"; and (3) whether the prosecution withheld favorable evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (State's Lodging F-5 at 9.)

The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition. (State's Lodging F-8.) The court rejected Petitioner's ineffective assistance of counsel and *Brady* claims on the merits. (*Id*. at 3-6.) However, the state court declined to address Petitioner's remaining allegations, including his subornation-of-perjury claim, because Petitioner had not raised the issue in the state district court. (*Id*. at 3 n.1.) The Idaho Supreme Court denied review. (State's Lodging F-10.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims, as previously construed by the Court[4]:

> Claim 1: Violation of due process based on the trial court's
> [(a)] denial of Petitioner's motion to withdraw his guilty plea
> and [(b)] violation of an order from the Idaho Supreme Court.

---

4       Petitioner has not objected to the Court's construction of these claims.

**MEMORANDUM DECISION AND ORDER - 5**

> Claim 2: Ineffective assistance of trial counsel based on counsel's representation of Petitioner before the entry of the conditional guilty plea.
>
> Claim 3: Violation of due process and prosecutorial misconduct based on the prosecutor's failure to disclose favorable evidence to the defense.
>
> Claim 4: Violation of due process based on Petitioner's trial counsel, the prosecutor, and the trial court suborning perjury or engaging in other misconduct in the context of Petitioner's plea hearing.
>
> Claim 5: Violation of the Fourth Amendment based on an allegedly unreasonable search and seizure.

(Initial Review Order, Dkt. 6 at 2 (internal quotation marks and citations omitted.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (*Id*. at 3.)

Respondent now moves for summary dismissal of Claims 1(a), 4, and 5.

## DISCUSSION

Respondent contends that Claims 1(a), 4, and 5 are procedurally defaulted and that Claim 5 is noncognizable—meaning that it cannot be heard—in a federal habeas corpus action. For the reasons that follow, the Court agrees.

1. **Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial

**MEMORANDUM DECISION AND ORDER - 6**

notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2. **Claims 1(a), 4, and 5 Are Procedurally Defaulted, and Petitioner Has Not Established Cause and Prejudice, or Actual Innocence, to Excuse the Default**

   A. *Procedural Default Standards of Law*

   A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

   The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

**MEMORANDUM DECISION AND ORDER - 7**

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of

discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard ... is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the

**MEMORANDUM DECISION AND ORDER - 9**

rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B.    Claims 1(a), 4, and 5 Are Procedurally Defaulted

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

In Petitioner's initial appeal from the trial court's denial of his motion to withdraw his guilty plea, Petitioner raised only a single federal constitutional claim—that the trial court violated due process by failing to preserve the "exhibit" identified as the police report. (State's Lodging B-5 at 4.) When he petitioned for review of the court of appeals' decision, Petitioner expounded on this claim, arguing that the appellate court had "disregarded" the order of the Idaho Supreme Court that the trial court lodge the report or explain why it could not do so. (State's Lodging B-10 at 7.) This claim is presented as Claim 1(b) of the Petition.

Petitioner did not, however, fairly present Claim 1(a) to the Idaho appellate courts in the initial appeal. Rather, he argued only that the trial court *abused its discretion* in denying the motion to withdraw the plea. Petitioner framed the issue as a state law claim, not a due process claim. Therefore, Claim 1(a) was not properly exhausted in that appeal.

During Petitioner's appeal from the trial court's revocation of probation and denial of Petitioner's Rule 35 motion, he raised only state law claims that the court abused its discretion. He did not raise any federal constitutional claims. Further, after the Idaho Court of Appeals affirmed the trial court, Petitioner did not file a petition for review with

**MEMORANDUM DECISION AND ORDER - 10**

the Idaho Supreme Court. Therefore, no claims were fairly presented in the appeal from the revocation proceedings.

Finally, on appeal from the trial court's dismissal of Petitioner's post-conviction petition, the Idaho Court of Appeals decided only two claims on the merits: (1) that Petitioner's counsel rendered ineffective assistance (set forth as Claim 2 of the Petition), and (2) that the prosecution violated *Brady v. Maryland* (set forth as Claim 3 of the Petition). Though Petitioner also raised Claim 4—the subornation of perjury claim—in that appeal, the court declined to address it because Petitioner had not raised the issue in the state district court.

Idaho appellate courts generally will not consider arguments made for the first time on appeal. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal."). Petitioner has not shown that this procedural rule was unclear, inconsistently applied, or not well-established at the time of the default. *See Martinez v. Klauser*, 266 F.3d at 1093-94. Further, this Court has already held that the Idaho courts' procedural rule requiring that an objection be made, or an issue raised, in the trial court is adequate and independent. *Nelson v. Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *8 (D. Idaho Mar. 23, 2009).

As for Claim 5, Petitioner has never raised that claim to any Idaho appellate court. Because it is now too late for him to do so, the claim is defaulted. *See Gray*, 518 U.S. at 161-62.

**MEMORANDUM DECISION AND ORDER - 11**

Therefore, Claims 1(a), 4, and 5 are procedurally defaulted. However, that conclusion does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court.[5] *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### C. Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain

---

[5] Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**MEMORANDUM DECISION AND ORDER - 12**

circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

**MEMORANDUM DECISION AND ORDER - 13**

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel claims. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

In response to the Motion for Partial Summary Dismissal, Petitioner appears to argue that ineffective assistance of trial or direct appeal counsel caused the default of Claims 1(a), 4, and 5. (Dkt. 17 at 1-3.) However, contrary to Petitioner's contention, he has never raised, in state court, any argument that counsel rendered ineffective assistance for failing to raise these claims. Thus, any such assistance cannot constitute cause to excuse the procedural default of Claims 1(a), 4, or 5. *See Edwards v. Carpenter*, 529 U.S. at 452.

Petitioner also cites *Martinez v. Ryan*. (Dkt. 17 at 2-3.) However, because none of the procedurally defaulted claims are trial-counsel-ineffectiveness claims, *Martinez* does not apply. *See Davila*, 137 S. Ct. at 2063; *Hunton*, 732 F.3d at 1126-27.

Finally, Petitioner invokes *Maples v. Thomas*, 565 U.S. 266 (2012). In that case, the U.S. Supreme Court held that abandonment by a post-conviction petitioner's attorney

can excuse the procedural default of a habeas claim. *Id.* at 288-89. However, to establish abandonment by post-conviction counsel, a petitioner must show that his attorney's inaction was so egregious that it effectively severed the attorney-client relationship and left the petitioner "without any functioning attorney of record." *Id.* at 288; *see id.* at 281 ("Having severed the principal-agent relationship, an attorney no longer acts, or fails to act, as the client's representative.").

*Maples* applies only when the attorney-client relationship is effectively severed without the knowledge of the client; it does not apply when the post-conviction attorney properly withdraws from representation so that the petitioner is aware of the need either to proceed pro se or to obtain another post-conviction attorney. Therefore, the court-approved withdrawal of Petitioner's attorney during his post-conviction appeal does not constitute cause to excuse the procedural default of Claims 1(a), 4, and 5.

### D. *Actual Innocence*

If a petitioner cannot show cause and prejudice for a procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

**MEMORANDUM DECISION AND ORDER - 15**

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not brought forth any new, credible evidence of actual innocence. Therefore, he has not established a legal excuse for the procedural default of Claims 1(a), 4, and 5.

3.  **Claim 5 Is Noncognizable**

In Claim 5, Petitioner asserts a Fourth Amendment violation. In addition to being procedurally defaulted, this claim is also subject to dismissal based on the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that, so long as the state provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court cannot grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. *Id.* at 494. The *Stone* rule is based on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy: the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

To determine whether a petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, the Court here "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the

**MEMORANDUM DECISION AND ORDER - 17**

state court procedures are adequate, the inquiry ends there. *Id*. at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id*. at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Idaho allows for motions to suppress evidence obtained in violation of the Fourth Amendment. *See, e.g., State v. Atkinson*, 916 P.2d 1284 (Idaho Ct. App. 1996) (reviewing trial court's denial of motion to suppress). Therefore, Petitioner had a full and fair opportunity to litigate Claim 5 in state court, and Claim 5 is subject to dismissal as noncognizable.

## CONCLUSION

For the foregoing reasons, Claims 1(a), 4, and 5 are procedurally defaulted without legal excuse, and Claim 5 is noncognizable. Therefore, the Court will dismiss these three claims with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 11) is GRANTED. Claims 1(a), 4, and 5 are DISMISSED with prejudice.

2. Respondent must file an answer to the remaining claims—Claims 1(b), 2, and 3—within 60 days after entry of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: February 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge